Judge Owsley
delivered tho Opinion of t'no Court.
The present appellants brought an action of ejectment against the appellee, and finally rucceeded in recovering a judgment for lands of which he was possessed.
The appellee, claiming to be paid for the improvement made by him on the land, applied to the court and obtained an order appointing com commissioners to value the improvements, under the act of 1812, concerning occupying claimants.
This order was made without opposition on the part of the appellants; but before the commsisioners acted upon the subject, an order was made reserving to the appellants the privilege, of contesting the right of the appellee to pay for his improvements, on the coming in of the corrmhoioncr’s report; and after the report was made to court, the *146 appellants appeared by their counsel, and urged their objections to the claim of the appellee for iow provements.
Objections to remS añd j ordinentoac" the'report Of the commissioners. Bill for re-thejuSdg1-'S valuefof the improve-merits.
Demurrer to the bill.
Upon a demurrer, the Sen asbe true? as
Grounds of the bill, viz: evidence discovered since the trial, and fr.aud of Bradshaw in concealing the same.
bhTtitle^" shown by Bradshaw to entitle him to pay for hisimprors-raen *'
*146 Their objections were, however, overruled, and judgment entered in favor of the appellee, accord-“g to the report of the commisioners,
Some time thereafter, the appellants filed their bill in equity with injunction, to be relieved against the judgment which was rendered pn the commissioner’s report.
The bill was demurred ta by the appellee, and the -demurrer sustained.
From the decision on that demurrer, this appeal was prayed; and the -only question now to be com sidered involves the correctness of that decision.
As the cause was decided upon demurrer, it proper that we should, in revising the decision of the circuit court, assume as true, all the allegations of the bill, and inquire whether or not, as such, any sufficient cause is shown for the interposition of a court of equity.
The grounds for relief, as contained in the bilí, are two fold.
1. The discovery by the appellants, since the judgment, of evidence going to show that when the appellee seated and improved the land, he had no title, cither legal or equitable, to entitle him to pay for his improvements, under the act .concerning occupants,
And 2dly. That the discovered evidence was known to the appellee at the time of his obtaining the order appointing the commissioners, and by him fraudulently concealed from the appellants until after the adjournment of the court at which the judgment was rendered upon the commissioner’s report.
Before Bradshaw settled upon the land, he had Stained from Wm. Meek, an assignment of a bond which had been previously given to him for a title, by James Wynn, in whose name a survey including *147 Bradshaw’s settlement was made, in 1795, for 24,324 acres, under an entry dated in 1783; and for the purpose of bringing his case within the provisions of the occupying claimant law, and to show his right to compensation for the improvements made by him on the land, Bradshaw produced to the court before whom the report of the commissioners was pending, the bond given by Wynn to Meek,, dated November, 1803, the assignment thereof to him by Meek, dated January, 1804, and a certified copy from the Register’s office, of the survey which was made the 17tih day of December, 1795, in the name of Wynn, for the 24,324 acres of laid, together with the following endorsement on the back of the copy of the survey, towit: “William Johnson, assignee of J. Wynn, 24,324 acres.” Upon this evidence, Bradshaw was adjudged to be entitled to the benefits of the occupying claimant law, and judgment entered in his favor, upon the report of the commissioners.
The evidence al,eSeíl to be eovóre^hy Taylor &c.
Equity will pá’^from a judgment™ uPon of nevv- evidence after, the trial iaW)where that the par-, ty was not. virit.ni, in seaivliins Cor, and prucor-donothewhioh was within his reach be-(ore the {.nal.
*147 The evidence which is alleged by the appellants, to have been since discovered by them, and which they contend goes to show that, at the time of his settling upon, and improving the land, Bradshaw had no title, either legal or equitable, deducible of record, consists of an assignment by Wynn to Win. Johnson, of the plat and certificate of the 24,324 acres survey of Wynn, dated before the bond of Wynn to Meek, and that the patent which also issued from the commonwealth to Wan Johuson, as assignee of J. Wynn, before the date of Wynn’s bond to Meek, for the same 24,324 acres that was surveyed for Wynn.
The evidence which is thus alleged by the appellants, to have been discovered by them since the de-cisión of the court upon the report of the coinmis-sioners, would doubtless have had an important bearing upon the opinion, of the court, if it had been produced on the hearing of the objections. which were taken to the right of Bradshaw to he-paid for his impo vements under the occupying claimant law, when the commissioners report was under-consideration. But admitting the materiality of the- *148 discovered evidence, and conceding that if it had been before the court on the hearing of the objec-lions' to the report of the commissioners, the decis-inn should have been in favor of the appellants, and not, as it was, against them; still it will be found {,},^ the appellants have not made out such a case as will authorise a court of equity to lend its aid, and relieve theta against the judgment, upon the ground 0f discovered evidence. For the assignment of ^ jj(5 p]a£ arK] certificate of survey, by Wynn to Johnson, and the patent to Johnson, (both of which are alleged to have been discovered) were of record in the office of the Register, to which all may have access, and if net known to the appellants before the copy of the survey was produced by Bradshaw to the court, they nw -t, upon reading the endorsement upon that copy have perceived, that in all probability, such an assignment and patent did exist, and as vigilant suitors should have employed the appropriate means, by searching the oidee of the Register to find them, before the cr. ;e was decided by the court. Having, however, filed todo so', the appellants under their alleged discovery, do not p; e-sent themselves before the court free from fault, and it is an established rule with ccuvts of equity, never to relieve a party against theef bet of his own laches in a matter exclusively cognisable in the court by which it has been determined.
Á party iiti-bound to°dia-clore circam-átances which go to deleat or weaken bis claim.
Wii.li respect to the second ground relied on for relief, there is still less pretence for the interposition, of a court of equity.
Though Bradshaw is charged in the bill, n ilk having committed fraud in concealing from the ap p^hyits, the facts of the assignment of the survey by Wynn, and the emanation of the parent therein" ter, to his assignee Johnson, there is nothing in the pa,.^ a|Wed, which, according to any fair inference, can he construed into such a fraud as wui warrant the interference of the court. We have seen that by the endorsement which was upon the copy of the survey that was produced to the court by Bradshaw, the appellants might reasonably have hi "erred that the plat and certificate of survey had not only *149 been assigned, but that a patent had also issued for the land contained in the survey to Johnson; ami after having furnished evidence of that sort, it would be going farther than we have any recollection of any court ever having gone, and furthei than any court ought to go, to fix upon Bradshaw, the commission of fraud, merely because he did not disclose to his adversary all the circumstances within his knowledge, that might tend to weaken his claim or defeat his recovery.
Fraud may bo committed by tho sup-pivt'sion of trull), a.) well a'i by tho su^'XMiioa of falsehood; but one from ivhom a party has no ri;-!it to ex-pyc.t information commits no fraud in remaining si-lunt.
Tbo grounds for relief in this °^5 out;
Fraud may no doubt be, and frequently is, committed by the suppression of truth, as well as by the suggestion of falsehood, and it is equally competent for the court to relievo against the fraud, whether it be perpetrated in the one way or the other.
By suppressing the truth, the deception may often be as base, and the injury to others as great as by the suggestion of falsehood.
But the failure to disclose to others whatever is known to us, cannot with any propriety be at all times a suppression of the truth.
From those who have reason to expect information from us, the truth should not be withheld; but such as look not to us for information, and expect no disclosure from us, have no cause to complain of our silence, and to reproach us for not speaking, with having suppressed the truth.
By the act of Bradshaw’s asserting claim for improvements, the appellants were admonished not to expect from him a disclosure of any tiling which would prove that he was not entitled to the benefits of the occupying claimant law, and it would be preposterous to suppose that they were deluded and deceived by any failure of liis, in not disclosing to them the evidence which might defeat his claim.
Neither on the ground of discovered evidence, nor that of the alleged fraud, can it, therefore, be competent for a court of equity to grant relief against the judgment rendered on the commissioners’ report, and the court below was consequently cor *150 rect in decreeing a dismission of the appellants* biiL
Triplett, for plaintiffs; Mayes, for defendant.
The decree is therefore affirmed with costs and damages upon the damages decreed by that court.